## SUPREME COURT.

MARTIN BARRON & THOMAS ELWOOD agt. GEORGE SANFORD.

On a motion to discharge from *arrest*, if the judge upon the whole case, as if it were *res nova*, is fully satisfied that a fraud has been committed by the defendant in contracting the debt for which the action is brought, he should of course retain the order and deny the motion. The rule in such case is well stated by Judge HARRIS in *Chapin* agt. *Seeley.* (13 *How.* 490.)

But what shall the judge do in case of doubt, where the motion is made and opposed upon the original and new affidavits, and they are directly contradictory? Judge HOFFMAN, in *Hernandez* agt. *Carnobeli,* (10 *How.* 449,) has undoubtedly stated the true rule, if the whole question is to be considered as *res nova.* That is, "if the question is doubtful, then the plaintiff has not made out his case, and the defendant should be discharged."

And yet it seems to be hardly safe or proper to dispose of these motions upon this ground—that is, a simple denial of the ground upon which the arrest is ordered. The safest and best course in such cases is to *refer* the affidavits to a referee, and require the parties to submit to an *oral cross-examination* in respect to the frauds stated in the affidavits, with leave to either party to call and examine other witnesses on the question, that the court may ascertain the truth.

*Monroe Special Term, June,* 1857.

MOTION to discharge order of arrest.

The affidavit on which the order of arrest was granted showed a good cause of action—for goods sold—and alleged that they were purchased upon fraudulent representations in respect to the property and means of the defendant.

The defendant moves to discharge the order of arrest, denying positively the fraud alleged.

W. D. Shuart, *for defendant.*
J. W. Stebbins, *for plaintiff.*

E. Darwin Smith, Justice. The affidavits of the plaintiff and defendant are conflicting, and equally positive in respect to the fraud—the plaintiff positively affirming the fraudulent representations, and the defendant denying the same with equal positiveness. Assuming that the plaintiff states his cause of action positively, and shows a good cause of action *prima facie,* as in the case here, the court does not entertain or determine any issue on that question on these motions. But §§ 204 and 205 of the Code give the defendant who has been arrested the right to apply to vacate the order of arrest upon the affidavits on which the order was made, with or without other affidavits. When the motion is made upon affidavits other than those upon which the order was granted, the plaintiff may oppose the motion with new affidavits.

This motion is made and opposed upon new affidavits, and the chief question for the court is to determine upon what rule or principle the motion must be governed in its decision. If the question is to be decided upon these affidavits upon the rule laid down in *Chapin* agt. *Seeley,* (13 *How.* 490,) as if the case were *res nova,* or as ordinary special motions are decided, upon the face and weight of the affidavits, this motion, (if it be regarded as a motion on behalf of the plaintiff for bail,) should be denied, for the defendant positively denies the affirmative allegations of the plaintiff's affidavits. If, on the other hand, the plaintiff, having made out a *prima facie* case for an arrest, and having obtained the order of arrest, the defendant is to be regarded as the moving party, then the motion should be denied, for the allegations of the moving papers are positively negative, and the affirmative allegations of the plaintiff's original affidavits positively re-asserted.

The rule, as stated by Judge Harris in *Chapin* agt. *Seeley,* (*supra,*) is doubtless the true one, when it can be applied clearly by the court: that is to say, if the judge, upon the whole case, is fully satisfied that a fraud has been committed by the defend-

Barron & Elwood agt. Sanford.

ant in contracting the debt for which the action is brought, he should of course retain the order and deny the motion. So, on the other hand, if he is clearly satisfied that no fraud has been committed, and no cause of arrest is established, he should discharge the order.

But what shall the judge do in case of doubt? Judge HOFFMAN, in *Hernandez* agt. *Carnobeli*, (10 *How.* 449,) considers that "if the question is doubtful, then the plaintiff has not made out his case, and the defendant should be discharged."

I cannot see why this is not the true rule, if the whole question is to be considered raised on the motion as *res nova;* for the party seeking the benefit of bail, like all other cases where a party seeks affirmative relief, holds the affirmative and should make out his case. And yet I am not quite satisfied that it is safe or proper to dispose of these motions upon this ground. While the liberty of the citizen should not be invaded, or bail required, except in clear cases under the statute, yet this right of arrest is so important in many cases, and the temptations are so strong to make false affidavits to escape it, as well as to procure the order of arrest, that I think the court ought not to dispose of this class of motions upon a simple denial of the grounds upon which the arrest is ordered, and where there is a distinct conflict in the affidavits, in the summary manner in which ordinary special motions are disposed of.

Where there is such conflict in the affidavits, some one must of course have stated the facts in dispute untruly : and I cannot think it is safe or best to let a defendant escape, because, if the case be so, he has sworn falsely in the moving affidavits. If the plaintiff has sworn falsely, he ought of course to lose his bail, and be made to pay the costs of an investigation. In such case, I think it will be safest and best, and subserve the rights of suitors and public justice, to refer the affidavits to a referee, and require the parties to submit to an oral cross-examination in respect to the facts stated in the affidavits, with leave to either party to call and examine other witnesses on the question, that the court may ascertain the truth.

I shall in this case so order, and the referee will report the

evidence and his finding thereon, whether the debt for which this action was brought was or was not fraudulently contracted; and the final decision of this motion may stand over till the coming in of such report.